UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY ANDRADE,

    Petitioner,

  v.

BRANDAN PRICE,

    Respondent.

Case No. 24-cv-00257 NC (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Dkt. No. 1.  Petitioner has paid the filing fee.  *Id*.

## BACKGROUND

According to the petition, Petitioner was sentenced on December 17, 2020, to an indeterminate hospital commitment under California's Sexually Violent Predator Act ("SVPA").  Dkt. No. 1 at 1, 2.  Petitioner's conviction was affirmed on appeal, and his petition for review was denied by the California Supreme Court in 2022.  *Id*. at 3.

Petitioner filed the instant petition on January 16, 2024.

## DISCUSSION

**A.**  **Standard of Review**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a

---

[1] Petitioner has consented to magistrate judge jurisdiction.  Dkt. No. 3.

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A judgment committing an individual under the SVPA apparently is subject to review under the AEDPA standards in 28 U.S.C. § 2254(d). *See Carty v. Nelson*, 426 F.3d 1064, 1072-73 (9th Cir. 2005), *amended*, 431 F.3d 1185 (9th Cir. 2005).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

Petitioner raises the following claims for federal habeas relief: (1) there was insufficient evidence that any victim was prepubescent; and (2) his diagnosis of pedophilia disorder was based on an unreasonable determination of the facts. Dkt. No. 1 at 5. Liberally construed, these claims are cognizable. The Court orders Respondent to show cause why the Petition should not be granted as to these claims.

## CONCLUSION

For the foregoing reasons:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. Dkt. No. 1. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

1  should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy
2  of all portions of the state trial record that have been transcribed previously and that are
3  relevant to a determination of the issues presented by the petition.

4        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with
5  the Court and serving it on Respondent's counsel **within thirty (30) days** of the date the
6  answer is filed.

7        3.    In lieu of an answer, Respondent may file a motion to dismiss on procedural
8  grounds in the same time provided, as set forth in the Advisory Committee Notes to Rule 4
9  of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner
10  shall file with the Court and serve on Respondent an opposition or statement of non-
11  opposition **within twenty-eight (28) days** of receipt of the motion, and Respondent shall
12  file with the court and serve on Petitioner a reply **within fourteen (14) days** of receipt of
13  any opposition.

14        4.    Petitioner is reminded that all communications with the Court must be served
15  on Respondent by mailing a true copy of the document to Respondent's counsel.

16        5.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
17  the Court and all parties informed of any change of address by filing a separate paper
18  captioned "Notice of Change of Address."  He must comply with the Court's orders in a
19  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
20  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21        **IT IS SO ORDERED.**

23  DATED:   April 16, 2024

          NATHANAEL M. COUSINS
          United States Magistrate Judge

Order to Show Cause
PRO-SE\NC\HC.2024\00257Andrade_osc